Filed 2/4/22  P. v. Luengas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>URIEL ALEXANDER LUENGAS,<br><br>    Defendant and Appellant. | H048788<br>(Santa Cruz County<br>Super. Ct. No. F13139) |

In 2007, defendant Uriel Alexander Luengas pleaded no contest to voluntary manslaughter, attempted second degree robbery, and conspiracy to commit robbery.  He admitted he personally and intentionally discharged a firearm in the commission of the offense.  The trial court imposed a term of 32 years eight months in state prison.  In 2020, the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) recommended to the trial court that it recall Luengas's sentence and resentence him under section 1170, subdivision (d).  The trial court declined to recall Luengas's sentence on the ground he had entered into a stipulated sentence.

Luengas appeals from the trial court's order declining to recall his sentence.  He contends the court failed to exercise its statutory discretion to consider recalling the sentence notwithstanding that it was stipulated.  The Attorney General, citing newly enacted Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill No. 1540),

concedes reversal is required and asks that we remand for a new hearing consistent with the change in law.

The Attorney General's concession is well-taken. We will reverse the order declining to recall the sentence and remand for a new hearing consistent with Assembly Bill No. 1540.

## I. BACKGROUND

The facts of the offense are immaterial. In 2007, Luengas pleaded no contest to three counts: count 1—voluntary manslaughter (Pen. Code, § 192, subd. (a))[1]; count 2—attempted second degree robbery (§§ 211, 664); and count 3—conspiracy to commit robbery (§ 182, subd. (a)(1)). With respect to counts 2 and 3, he admitted he personally and intentionally discharged a firearm in the commission of the offense. (§ 12022.53, subd. (c).)

In accord with a negotiated disposition, the trial court imposed a total term of 32 years eight months in state prison. The court selected count 1 for the principal term and imposed the aggravated term of 11 years for that count. On counts 2 and 3, the court imposed consecutive terms equal to one-third the middle terms—eight months and one year, respectively. For the firearm enhancement, the court imposed a consecutive term of 20 years.

In 2020, the Secretary recommended to the trial court that it recall Luengas's sentence and resentence him under section 1170, subdivision (d). The Secretary's letter identified an apparent error in the sentence imposed: The trial court had imposed a full consecutive term of 20 years for the firearm enhancement, although the enhancement was attached to a subordinate offense, such that the proper term should have been one-third of 20 years under section 1170.1, subdivision (a).

---

[1] Subsequent undesignated statutory references are to the Penal Code.

2

The trial court denied resentencing on the ground that "this was an agreed upon sentence" and "any defects are waived."

## II. DISCUSSION

The Attorney General concedes reversal and remand is necessary under newly enacted Assembly Bill No. 1540. We agree and accept the concession.

While Luengas's appeal was pending, the Legislature enacted and the Governor signed Assembly Bill No. 1540, which moved the recall and resentencing provision to section 1170.03 and revised its terms. Section 1170.03 took effect on January 1, 2022. Section 1170.03 adds several requirements to the recall and resentencing process, including notice, appointment of counsel, a hearing, and a statement of reasons for the ruling on the record. (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 3.1, subd. (a)(6), (7), & (8).) With respect to the Secretary's recommendation to reduce a sentence that was the product of a negotiated plea agreement, section 1170.03 provides that "the resentencing court may, in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea agreement, do the following: [¶] (A) Reduce a defendant's term of imprisonment by modifying the sentence." (§ 1170.03, subd. (a)(3)(A).) The new statute also indicates that where the recall and resentencing recommendation is made by the Secretary, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 3.1, subd. (b)(2).)

When the trial court considered the Secretary's recommendation in this case, there was no statutory presumption favoring recall and resentencing. In the new law, the Legislature stated its intent to apply the change in law "regardless of the date of the offense or conviction," making it retroactively applicable to Luengas's conviction. (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 1, subd. (i).) Accordingly, we must

3

remand the matter to allow the trial court to exercise its discretion in light of these statutory modifications.

### III.    DISPOSITION

The order declining to recall Luengas's sentence is reversed.  The matter is remanded to the trial court for a hearing in accordance with the newly enacted section 1170.03 as added by Assembly Bill No. 1540.

_____

Greenwood, P. J.


WE CONCUR:



_____

Danner, J.



_____

Lie, J.



People v. Luengas

No. H048788